IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00376-GPG

DAVID RICHARD CARRILLO,

    Applicant,

v.

DAVID ZUPAN, Warden of the Colorado Territorial Correctional Facility, and
CYNTHIA COFFMAN, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, David Richard Carrillo, is currently incarcerated in Canon City, Colorado. On February 24, 2015, Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that challenges his conviction and sentence in State of Colorado Criminal Case 93CR1048. (ECF No. 1). In an order entered on March 24, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. (ECF No. 6).

After receiving an extension of time, Respondents filed their Pre-Answer Response on April 22, 2015 asserting that the application was time-barred. (ECF No. 12). Applicant filed a Reply on May 5, 2015. (ECF No. 13).

The Court must construe the application and other papers filed by Mr. Carrillo liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed as time-barred.

Applicant raises four claims in the Application: (1) the trial court violated his right to due process by dismissing a juror and replacing him with an alternate after the jury had already rendered a verdict favorable to him; (2) the trial court violated his right to due process by trying him with a co-defendant who was also the victim of a count of contributing to the delinquency of a minor; (3) his trial counsel was ineffective for not recognizing that being tried jointly with the co-defendant who was also the victim of a count created an actual conflict of interest; and (4) his trial counsel was ineffective for failing to seek having the jury instructed on a lesser non-included offense of accessory to a crime.

## I. BACKGROUND

Mr. Carrillo was accused of participating in a gang killing. (ECF No. 12-5). He was tried by a jury along with a co-defendant, who was a juvenile at the time of the murder.  The jury found Mr. Carrillo guilty of first degree murder, conspiracy to commit first degree murder, and contributing to the delinquency of a minor. (*Id.*).  On March 23, 1995, the trial court sentenced Mr. Carrillo to life in prison for the murder, twenty years in prison for conspiracy, and eight years in prison for contributing to the delinquency of a minor. (ECF 12-1 at 15).

The judgment of conviction and the sentence were affirmed by the Colorado Court of Appeals on direct appeal on March 20, 1997. *See People v. Carrillo*, 946 P.2d 544 (Colo. App. 1997) (ECF No. 12-3).  On February 22, 1999, the Colorado Supreme

Court also affirmed his conviction. *See People v. Carrillo*, 974 P.2d at 478 (Colo. 1999) (ECF No. 12-5).

On June 20, 2000, Mr. Carrillo filed a habeas corpus application with this court. *Carrillo v. Williams*, 00-cv-1261, (ECF No. 12-7). On June 7, 2001, he filed a motion to voluntarily dismiss his habeas application, which the court granted without prejudice on January 4, 2002. (*Id.*)

On August 5, 2002, Mr. Carrillo filed a pro se Crim. P. 35c post-conviction motion asserting ineffective assistance of counsel during his trial. (ECF No. 12-1 at 7). A supplemental post-conviction motion was filed on December 9, 2005 after Mr. Carrillo retained counsel. (*Id.* at 6).

After holding a hearing on the motion, the court issued a written order denying Mr. Carrillo's 35(c) motion on December 28, 2006. (ECF 12-1 at 5). On appeal, the Colorado Court of Appeals affirmed. *See People v. Carrillo*, No. 07CA0267 (Colo. App. Oct. 16, 2008) (ECF No. 12-9). On March 9, 2009, the Colorado Supreme Court denied certiorari review. (ECF No. 12-10).

While the appeal of his post-conviction motion was still pending, on December 13, 2007, Mr. Carrillo filed a second post-conviction motion through newly retained counsel. (*See* ECF No. 12-1 at 4). The court held a three-day evidentiary hearing on Mr. Carrillo's second post-conviction motion. (*See id.* at 2). The court issued a written order denying Mr. Carrillo's second post-conviction motion on July 1, 2011. (*See id.*). The Colorado Court of Appeals confirmed. *People v. Carrillo*, No. 11CA1644 (Colo. App. Aug. 8, 2013) (ECF No. 12 -12). The Colorado Supreme Court denied certiorari review on July 28, 2014. (ECF No. 12-14). Mr. Carrillo filed a petition for writ of certiorari to the

U.S. Supreme Court, which was denied on December 8, 2014. *See Carrillo v. Colorado*, 135 S. Ct. 756 (2014).

On December 22, 2014, Mr. Carrillo filed a motion to correct an illegal sentence pursuant to Crim. P. 35(a). (ECF No. 12-1 at 1). The court denied this motion on January 13, 2015. (*Id.*). On February 9, 2015, Mr. Carrillo filed a motion to reduce the restitution award by $30.00, which the court granted the same day. (*Id.*).

The instant habeas corpus application was filed on February 25, 2015.

Respondents concede that Mr. Carrillo has exhausted all of the claims presented in his habeas application. However, Respondents argue that the application is time-barred.

Mr. Carrillo argues that the AEDPA one-year limitation clock started from the beginning when the trial court amended his sentence on February 9, 2015 by reducing the amount of restitution. (ECF No. 1 at 19 and No. 13 at 2). In the alternative, Mr. Carrillo argues he is entitled to equitable tolling because he was diligently pursuing his claims but faced extraordinary circumstances as a result of ineffective assistance of appellate counsel. (*Id.*).

## II. ONE-YEAR LIMITATION PERIOD

In this case, the first pertinent question is whether the trial court's reduction in the amount of restitution by $30.00 resulted in a new judgment for purposes of re-starting the AEDPA one-year limitation clock.

Section 2244(d) sets out the one-year limitation period as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

First, the Court must determine whether the trial court's February 2, 2015 Order reducing restitution started the AEDPA one-year limitation clock again.  Mr. Carrillo argues that the order reducing restitution was a new judgment and, therefore, the clock started anew.  It is true that for habeas applications, in some circumstances, a "new judgment" can be significant.  The Supreme Court has held, when reviewing the issue of whether a habeas application is "successive," that where there is a new judgment intervening between two habeas petitions, an application challenging the resulting new

5

judgment is not second or successive. *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2802, 177 L. Ed. 2d 592 (2010).

However, courts have not extended the *Magwood* "new judgment" rationale to cases where an amended judgment was simply the result of correcting a clerical error. *May v. Kansas*, 562 Fed. Appx. 644, 645-646 (10th Cir. 2014)(amended journal entry of judgment correcting error that said sentences would run consecutively did not make convictions non-final or reset the date of the state court judgment for either timeliness or second-or-successive purposes ); *United States v. Cano*, 558 Fed. Appx. 936, 942 n.6, 2014 WL 929053, at *4 n.6 (11th Cir. Mar. 11, 2014) ("The fact that the district court entered an amended judgment to correct clerical errors does not result in a new judgment that is exempt from the rules on second or successive petitions pursuant to 28 U.S.C. § 2255."); *United States v. Ledesma-Cuesta*, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) (per curiam) ("[Appellant] points to no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief."); *see also In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) (where amended judgment entered to correct clerical error in nature of charge for which defendant had been convicted, "the amended judgment merely corrected a clerical error—one which did not rise to the level of constitutional error, as [appellant] was fully aware of his offense of conviction.").

Similarly, the Tenth Circuit has refused to allow successive or time-barred habeas applications where a trial court's amended judgment did not affect the original judgment being challenged. *See Gomez v. Davis*, 514 Fed. Appx. 825, 826-27 (10th Cir. 2013); *In re Fogle,* 212 U.S. App. LEXIS 26914, 3-4 (10th Cir. July 3, 2012). For

example, in *Gomez*, the court held that a trial court's minute order vacating court costs did not qualify as a "new judgment" for purposes of allowing a successive habeas application because the new application challenged the exact same judgment that his previous application challenged: the judgment entered after he pleaded guilty to drug charges. *Gomez v. Davis*, 514 Fed. Appx. 825, 826-27 (10th Cir. 2013).

Likewise, in *Fogle*, the Tenth Circuit emphasized that, unlike the petitioner in *Magwood*, Mr. Fogle "did not have a new sentencing proceeding, 'where the state court conducted a full resentencing and reviewed the [relevant sentencing] evidence afresh.'" *In re Fogle,* 212 U.S. App. LEXIS 26914, 3-4 (10th Cir. July 3, 2012) (quoting *Magwood*, 130 S. Ct. at 2801). Instead, the petitioner in *Fogle* remained in custody pursuant to the original judgment and did not raise any challenge to the corrected mittimus. *Id.*

In this case, similar to the Petitioner's in *Gomez* and *Fogle*, Mr. Carrillo remains in custody pursuant to the original judgment issued on March 23, 1995. He raises no new challenges regarding the Court's order reducing restitution.  Accordingly, the February 2, 2015 order reducing restitution did not amount to a "new judgment" that started the AEDPA one-year limitation period anew.

Therefore, disregarding the trial court's February 2, 2015 Order reducing restitution, it is clear that Mr. Carrillo's habeas application is time-barred.  Under §2244(d), for purposes of the one-year limitation, Mr. Carrillo's judgment became final at the expiration of the time for seeking direct review of his conviction.  On direct review, the Colorado Supreme Court issued its opinion of Mr. Carrillo's case on February 22, 1999.  He had 90 days from that date to submit a petition for writ of certiorari to the United States Supreme Court, which was May 24, 1999. *See* Sup. Ct. R. 13.1  He failed

to submit a petition to the United States Supreme Court, so the AEDPA one-year limitation began running on May 24, 1999. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (judgment becomes final for purposes of the one-year limitation, after the United States Supreme Court has denied review of a decision by the state court of last resort, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed).  Absent any tolling of the clock, the one-year time period ended on May 24, 2000. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (holding that one-year limitation period in AEDPA should be calculated using anniversary date method).

      Tolling of the one-year limitation period is permitted, pursuant to 28 U.S.C.§ 2244(d)(2), while a properly filed state court post-conviction motion is pending.  Mr. Carrillo's first post-conviction motion was not a state court motion, but instead a federal habeas application filed on June 20, 2000.  This was almost a month after the one-year limitations period expired.  Further, a federal habeas application is not a state court post-conviction motion under 2244(d)(2) and, therefore, does not toll the AEDPA limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 150 L. Ed. 2d 251, 121 S. Ct. 2120 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and that therefore the section does "not toll the limitations period during the pendency of [a petitioner's] first federal habeas petition.").

      Mr. Carrillo's first *state* post-conviction motion was not filed until August 5, 2002, more than two-years past the limitations period.  Post-conviction motions filed after passage of the limitations period are not relevant to the timeliness of a petitioner's federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only

state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, there was no tolling of the AEDPA clock, and the one-year limitation period expired on May 24, 2000 unless Mr. Carrillo is entitled to equitable tolling.

### III. EQUITABLE TOLLING

Mr. Carrillo also argues that the one-year limitation period should be equitably tolled. The one-year limitation period in 28 U.S.C. 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (internal quotation marks omitted; *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Equitable tolling may be appropriate if: (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008)(quoting *Miller*, 141 F.3d at 978). Mr. Carrillo bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Carrillo argues that he is entitled to equitable tolling because he diligently pursued his federal claims but encountered extraordinary circumstances due to "egregious misconduct on the part of appellate and post-conviction counsel based on

9

ineffective assistance and actual conflict of interest." (ECF No. 1 at 20).  Respondents contend that even if all of Mr. Carrillo's factual allegations are correct and they are given their maximum effect, Mr. Carrillo would only be entitled to equitable tolling up until sometime before he filed his first post-conviction motions in June 2000. (ECF No. 12 at 10).

Mr. Carrillo alleges the following facts in support of equitable tolling:

- On December 27, 1997, Applicant's appellate attorney, Richard Mishkin, informed him about the AEDPA one-year limitation period and offered to file a post-conviction motion.  Applicant, through his sister, paid Attorney Mishkin $1,500 to file a post-conviction motion and also paid $500 to an investigator.

- Applicant wrote Attorney Mishkin numerous times to inquire about the progress of his case but Mishkin stopped responding.  The investigator finally informed Applicant that Attorney Mishkin had moved his law practice and joined a new law firm.

- Applicant obtained the new address for Attorney Mishkin and wrote requesting a return of the fee and filed a grievance against Mishkin for failing to inform applicant of his new address and failure to timely file a post-conviction motion.  The one-year time limit was now expired.

- Applicant did not understand the law, but he filed a pro se federal habeas application.  Applicant asserts that the federal habeas application was filed on August 3, 2000 (ECF No. 1 at 20), but the federal court docket indicates it was filed on June 20, 2000. (ECF No. 12-7).

- Mr. Carrillo was still trying to learn the law and discovered that he was

> required to pursue and exhaust all state remedies. According to the federal docket, on June 7, 2001, he filed a pro se motion for voluntary dismissal of his federal habeas application in order to exhaust his state court remedies. (ECF No. 12-7). The application was dismissed without prejudice on January 4, 2002 (*Id.*).

- Applicant filed a handwritten pro se state post-conviction motion, pursuant to Crim. P. Rule 35c, on August 5, 2002.
- Applicant, though his sister, hired Attorney Dennis Hartley to represent him on his 35c motion. A fee agreement for $25,000 was signed. Attorney Hartley entered his appearance on March 19, 2003.
- Following the denial of his 35c motion, Applicant discovered that Attorney Hartley knew almost nothing about his case and had delegated the post-conviction work to a paralegal who did a "cut and paste job." Applicant filed a civil law suit against Attorney Hartley claiming legal malpractice. A settlement was reached where Attorney Hartley admitted to the facts alleged and signed an affidavit along with a waiver permitting Applicant to use as evidence his ineffectiveness in pursuit of remedy in the Applicant's criminal actions. Applicant also filed a grievance with the Attorney Regulation Counsel.

Applicant argues that the egregious conduct of Attorneys Mishkin and Hartley constituted extraordinary circumstances that justify equitable tolling in this case.

Attorney misconduct supports equitable tolling only when it involves repeated affirmative misrepresentations to, and failure to communicate with, a client or repeated promises to file, followed by a failure to follow anything. *Holland*, 560 U.S. at 652; *see*

*Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) ("*Holland* . . . held [a] defendant might be entitled to equitable tolling - not just because his counsel failed to file a federal habeas petition on time, but because the attorney disregarded many letters from his client that repeatedly emphasized the importance of meeting the filing deadline, going so far as identifying the applicable legal rules governing the limitation period."). The Court agrees that Attorney Mishkin's and Attorney Hartley's conduct, as portrayed by Mr. Carrillo, was egregious and would support equitable tolling. However, egregious attorney conduct does not toll the limitation period indefinitely. *See Mack v. Falk*, 509 Fed. Appx. 756 (10th Cir. 2013) (Applicant's retention of counsel, who then abandons him, is not enough to "toll AEDPA's one-year limitations period indefinitely.")

According to Applicant, Attorney Mishkin was hired to pursue his post-conviction motion either on or sometime shortly after December 27, 1999. (ECF No. 1 at 20). Therefore, the time period before Attorney Mishkin was retained is not equitably tolled because there was no attorney misconduct. Accordingly, from May 24, 1999, when the clock began, to December 27, 1999, when Attorney Mishkin was retained, 217 days ran on the limitation clock. Mr. Carrillo does not provide the exact dates that Attorney Mishkin was involved in his case. However, giving Mr. Carrillo the benefit of the doubt, the Court will assume that Attorney Mishkin was representing him from December 27, 1999 until Mr. Carrillo filed his pro se federal habeas petition on June 20, 2000. Therefore, the Court will assume that the limitation period should be equitably tolled for that entire period.

However, the limitation clock again began to run again on June 20, 2000. As discussed above, a federal habeas application is not a "properly filed application for State court post-conviction or collateral review" under § 2244(d)(2) and, therefore, does

12

not toll the AEDPA limitations clock. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Therefore, after the limitations clock began running again on June 20, 2000, Mr. Carrillo had an additional 148 days until the one-year limitation expired, which was November 15, 2000.

Mr. Carrillo failed to file a state post-conviction motion until August 5, 2002 – 628 days late. He asserts that his ignorance of the law and failure to understand the time limitation period of AEDPA was why he first filed a federal habeas application instead of state post-conviction motion. (ECF No. 1 at 20). However, ignorance of the law and failure to understand the time limitation period of AEDPA is not enough to equitably toll the clock. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). Additionally, Mr. Carrillo's state post-conviction motion was not filed just a few days – or even a few months – past the limitation period, but 628 days late. He has provided no reasons why, even if the clock should be equitably tolled to allow him some time to research and understand the law after discovering that his appellate attorney was not pursuing his case, that the clock should be tolled for 628 days. By his own assertions, in June 2001, when he filed his motion to voluntarily dismiss his federal habeas application, he was aware that he needed to first exhaust his state court remedies. (ECF No. 1 at 20-21). Therefore, even if the Court would generously decide to equitably toll the clock for the time period that his federal habeas application was filed until he filed a motion to voluntarily dismiss it on June 7, 2001, he still did not file his state post-conviction motion before the limitations period expired. If the clock started running again on June 7, 2001, he would have 148 days left in the limitation period, which would expire on November 2, 2001. Yet, his

state post-conviction motion was not filed until August 5, 2002.  Taking it one step further, even if the Court equitably tolled the limitations clock for the *entire* period his federal habeas application was pending – until it was dismissed on January 4, 2002 – he still did not file his state post-conviction motion within the allowed time.  One hundred and forty eight days from January 4, 2002 is Saturday, June 1, 2002, so the limitation period would expire on Monday, June 3, 2002 – more than a month before his state post-conviction motion was filed on August 5, 2002.

Furthermore, his argument that the limitations period should be equitably tolled because of Attorney Hartley's egregious conduct is unconvincing.  Attorney Hartley filed a notice of appearance in Mr. Carrillo's case on March 19, 2003.  Any egregious conduct by Attorney Hartley cannot equitably toll the one-year limitation clock because the limitations period already expired.  Under any of the generous equitably tolling calculations discussed above, the one-year limitations period ended on either November 15, 2000, November 2, 2001, or at the very latest on June 3, 2002, long before Attorney Hartley started representing Mr. Carrillo.

Therefore, for the reasons discussed above, the Court will dismiss the action as time-barred pursuant to 28 U.S.C. § 2244(d).  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed by Applicant, David Richard Carrillo on February 24, 2015 is DENIED and this action is DISMISSED WITH PREJUDICE as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Carrillo has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Carrillo files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  19th  day of    May        , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court