IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00376-GPG

DAVID RICHARD CARRILLO,

    Applicant,

v.

DAVID ZUPAN, Warden of the Colorado Territorial Correctional Facility, and
CYNTHIA COFFMAN, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION
FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

---

On June 17, 2015, Applicant, David Richard Carrillo, filed *pro se* a "Motion to Alter or Amend" (ECF No. 16) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 14) and the Judgment (ECF No. 15) entered in this action on May 19, 2015.  On June 22, 2015, Applicant filed a motion for extension of time to file a notice of appeal. (ECF No. 17).  The Court must construe the motions liberally because Mr. Carrillo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied and the motion for extension of time to file a notice of appeal will be granted.

**I. Motion to Reconsider**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

In this case, Mr. Carrillo's Motion to Reconsider was docketed on June 17, 2015, twenty-nine days after a final judgment was entered dismissing this action on May 19, 2015. (ECF Nos. 16, 15). However, the Motion to Reconsider is dated June 15, 2015, and Plaintiff signed a certificate of service stating he logged and deposited the motion in the prison mail system on June 15, 2015. (*See* ECF No. 16 at 6). In light of the Court's obligation to *pro se* litigants, as well as in consideration of the obstacles inherent in sending mail through the prison system, the Court accepts the Motion to Reconsider as filed under the Rule 59(e) deadline and will consider the Motion pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1243; *see also Hall,* 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"); *Mitchell v. Medina,* 12-cv-00251-BNB, 2012 WL 1578737, at *3-4 (D. Colo. May 4, 2012) (describing prison mailbox rule).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 10005, 1012 (10th Cir.

2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)*.* Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver,* 952 F.2d at 1243). Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.,* 57 F.3d at 944.

Here, the Applicant argues that "the Court made an error in law ruling that the one-year limitation period did not start to run from the date that the state court amended the Applicant's sentence." (ECF No. 16 at 1-2). Accordingly to Applicant, the trial court reduced the restitution amount by $30.00 because it was illegal not because of any clerical error. (*Id.* at 3). Therefore, Applicant argues that the reduced restitution award constitutes a "new judgment" and the AEDPA statute of limitations begins anew. (*Id.*) Applicant relies on *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286, 1292 (11th Cir. 2007), for the proposition that the habeas statute of limitations does not begin to run until both the conviction and the sentence are final. (ECF No. 16 at 3).

However, in this case, the reduced restitution amount does not constitute a new sentence or judgment for purposes of restarting the AEDPA clock. As the Court in *Ferreira* made clear: "the writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the *judgment which holds the petitioner in confinement*. What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner." *Ferreira*, 494 F.3d at 1293 (*citing Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L.Ed.2d

628 (2007)).  In this case, the $30.00 reduction of restitution did not affect the judgment which imprisons the applicant.

A sister federal district court was faced with a similar situation and applied the reasoning of *Ferreira* to determine that an appellate court's remand to the trial court regarding a restitution order did not affect the judgment that imprisons the applicant and, therefore, did not re-start the habeas clock. *See Pease v. Veach*, 2011 U.S. Dist. LEXIS 140286, 10-12 (D. Alaska Aug. 23, 2011).  Although the *Pease* decision is unpublished, it does provide a persuasive analysis of this issue.

In *Pease*, the issue, like the issue in this case, was whether a restitution order affected when the Petitioner's judgment became final. *Id.* at 7.  The Court rejected Petitioner's argument that the judgment was not final until restitution was imposed by the trial court upon remand by the Court of Appeals. *Id.* According to the *Pease* Court, the reasoning in *Ferreira* instructed that for the purposes of 28 U.S.C. § 2244(d), the "judgment" which triggers the running of the statute of limitations is the one which has caused the inmate to be held in custody. *Id.*  Therefore, the issue of restitution did not amount to a new "judgment" for § 2244(d) purposes. *Id.*

The *Pease* court also considered that Congress' purpose in enacting the AEDPA was "'to further the principles of comity, finality, and federalism.'" *Id.* at 10 (citing *Williams v. Taylor*, 529 U.S. 420, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000)).  The importance of comity is reflected by tolling AEDPA's statute of limitations until the state has completed its review in order to reinforce respect between the respective judicial systems. *Id.* at 10-11 (citations omitted).  However, this must also be balanced by the desire for finality and a speedy resolution to habeas cases. *Id.*  Therefore, the balance

of interests is satisfied by a holding that the relevant judgment for the purposes of triggering the statute of limitations under § 2244(d)(2) is the one which holds the prisoner in custody. *Id.* The *Pease* court noted it would make "little sense to delay the disposition of a habeas petition while the state court considers matters which have no bearing on Petitioner's conviction or incarceration." *Id.* at 11.

The goal of "finality" is especially important in a case such as the current one: where the one-year time limitation for applicant to file his habeas application ended at the very latest on June 3, 2002, (*see* ECF No. 14), yet the applicant attempts to start the clock over again almost thirteen (13) years later. It would make little sense to allow the applicant another chance at a habeas petition – almost thirteen years later -- simply because he was successful in getting his restitution amount reduced by $30.00, which had no affect on the judgment which confines him.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Applicant fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action.

## II. Motion for Extension of time to File a Notice of Appeal

Applicant requests that if the Court denies his Motion to Reconsider, it grant him an additional 14 (fourteen) days after his Motion to Reconsider is denied to file a Notice of Appeal.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered. Pursuant to Rule 4(a)(5)(A)(I), the district court may extend the time to file a notice of appeal if the party

moves for an extension of time within thirty days after the time provided in Rule 4(a)(1)(A). Regardless of whether the motion is filed before or during the thirty days after the time to appeal expires, under Rule 4(a)(5)(A)(ii) the party must show excusable neglect or good cause.

In this case, the judgment dismissing the case was entered on May 19, 2015. (ECF No. 15). Therefore, absent any tolling, the notice of appeal would be due on June 18, 2015. However, under Fed. R. App. P. 4(a)(4)(A), the time period to file a notice of appeal is tolled when a motion for reconsideration is pending in the district court. In this case, giving Applicant the benefit of the prison mailbox rule, his motion to reconsider was deemed filed when he placed it in the prison mailbox on June 15, 2015. Therefore, his notice of appeal would be due three days after this court rules on his motion for reconsideration.

Applicant has timely filed a motion for extension of time and the Court agrees that an extension of time is warranted for the reasons set forth by the Applicant, including the fact that prison mail is often delayed and he most likely will not receive this Order denying his Motion for Reconsideration before his Notice of Appeal becomes due. Hence, his motion for extension of time to file a Notice of Appeal is granted. Applicant will have fourteen (14) days from the date of this Order to file a Notice of Appeal.

**III. Conclusion**

Therefore, for the reasons discussed above and the reasons in the Court's Order of Dismissal (ECF No. 14) entered on May 19, 2015, the motion to reconsider will be denied and the motion for extension of time to file a notice of appeal is granted. Accordingly, it is

ORDERED that the "Motion to Alter or Amend" (ECF No. 16) is DENIED. It is

FURTHER ORDERED that the Motion for Extension of Time to file a Notice of Appeal (ECF No. 17) is GRANTED.  Applicant has fourteen (14) days from the date of this Order to file a Notice of Appeal.

DATED at Denver, Colorado, this  25th   day of   June  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court